UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PHAROAH DR. ADMIRAL A.L.S.A. EL-BEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 13-6040 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge:**

On October 10, 2013, the Clerk received from Pharoah Admiral A.L.S.A. El-Bey, also known as Jason Amin-Bey ("Plaintiff" or "El-Bey"), a two-page handwritten document labeled "Lawful Complaint Pursuant Exhibit A:184 F.R.D. 588★" stating that Plaintiff was seeking "immediate release" from confinement.[1] (ECF No. 1) (star-sign in original). His suit has been designated as a civil rights action brought pursuant to 42 U.S.C. § 1983.

The docket of this District shows that on August 18, 2011, the United States filed a criminal complaint charging Plaintiff with assaulting a federal officer. *See United States v. Amin-Bey*, Crim. No. 11-MJ-3184 (JBC), ECF No. 1 (D.N.J. filed Aug. 18,

---

[1] On July 2, 2013, the Clerk had already received from El-Bey a substantively similar one-page handwritten document labeled "Complaint" that gave rise to *El-Bey v. United States of America*, Civ. No. 13-4161 (SRC) (D.N.J. filed July 02, 2013).

1

2011).[2] After the United States arrested Plaintiff for said act, the Magistrate Judge found him "not presently competent to stand trial" and committed him for temporary treatment, followed by hospitalization, to determine whether he was suffering from a mental disease that could pose a substantial risk of injury to Plaintiff or another person, or property. *See id.*, ECF Nos. 13 and 23. Correspondingly, Plaintiff was briefly confined at a medical center in Massachusetts until the United States District of Massachusetts directed his release into criminal custody for the purposes of conducting the aforesaid criminal prosecution. *See id.*, ECF No. 30.

The complaint at bar, which sounds in civil rights, appears to challenge that ongoing criminal confinement. However, inmates seeking release must assert such claims in a properly filed *habeas corpus* petition—not a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475 (1975); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir.), *cert. denied*, 510 U.S. 920 (1993); *accord Rohn v. Horton*, USCA No. No. 12-2801, 2013 U.S. App. LEXIS 236, at *5 (3d Cir. Jan. 2, 2013) (citing *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002), for the observation that *habeas* review is the appropriate remedy when the deprivation of rights is such that it necessarily "affects the fact or length of detention"). Therefore, to the extent Plaintiff wishes to raise challenges to his confinement, these challenges will be dismissed without prejudice to Plaintiff's filing of an appropriate *habeas* petition accompanied by $5.00 filing fee or his *in forma pauperis* application.[3]

---

[2] Specifically, that complaint asserted that Plaintiff was escorted the Federal Courthouse for being disruptive in its library and, during the process "kicked the Deputy United States Marshal in the shin." *Amin-Bey*, Crim. No. 11-MJ-3184 (JBC), ECF No. 1.

[3] No statement is this Opinion or the Order filed herewith shall be construed as implicitly expressing this Court's position as to the procedural or substantive validity or invalidity

2

Alternatively, in the event Plaintiff wishes to proceed with litigation of his civil rights in the instant matter, he is obligated to pay the filing fee in advance, *see* Local Civil Rule 54.3; *Hairston v. Gronolsky,* USCA No. 08-3995, 2009 U.S. App. LEXIS 22770 (3d Cir. Oct. 15, 2009) (stating that a prisoner's legal obligation to prepay his filing fee is automatically incurred by the very act of initiating a legal action) (relying on *Hall v. Stone*, 170 F.3d 706, 707 (7th Cir. 1999)), although, under certain circumstances, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.[4]

If Plaintiff elects to proceed with litigation of this matter and either prepays the filing fee or duly obtains *in forma pauperis* status, he must accompany his filing fee or his *in forma pauperis* application with an amended pleading void of any references to "Ecclesiastical Jurisdiction of Moorish Science," "National Sovereignty," "Moorish Merchant Marine [Law,]" and the like, because claims based on sovereign citizenship or redemptionist beliefs are facially meritless. *See* Instant Matter, ECF No. 1, at 1 and 3

---

of such habeas petition, if filed.

[4] The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) ("PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. *See id.* To the extent that Plaintiff intended his filing to constitute an application to proceed in this matter *in forma pauperis*, his request will be denied without prejudice to seeking the same upon submission of a proper application.

(raising claims based on these concepts); *compare Bey v. Stumpf*, Civ. No. 11-5684, 2011 U.S. Dist. LEXIS 120076 (D.N.J. 2011) (detailing facial invalidity and frivolity of so-called "Marrakush" claims based on the litigants' sovereign citizenship or redemptionist beliefs and/or their possession of the so-called "world passports," and/or Declarations by the United Nations, provisions of the Barbary Treaties, in general, and the Treaty with Morocco in particular, etc.); *see also* Fed. R. Civ. P. 8(a)(2) (a plaintiff's pleading obligation is to set forth "a short and plain statement of the claim"); *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (same).

An appropriate Order follows.


    /s Stanley R. Chesler
**Stanley R. Chesler**
**United States District Judge**

Dated: November 13, 2013